**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RENETA YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT HOSPITALITY, LLC,<br><br>Defendant. | Case No.: 1:25-cv-03440-GLR |

**ANSWER TO COMPLAINT**

NOW COMES Defendant, MERRITT HOSPITALITY, LLC, by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Complaint, states as follows:

**COMPLAINT ¶1:**

Plaintiff became employed by Defendant Merritt Hospitality, LLC at its Ashore Resort and Beach Club (Ashore), located at 10100 Coastal Highway, Ocean City, MD 21842 on June 27, 2022.

**ANSWER:**

Defendant admits that Plaintiff was initially employed on a seasonal basis at its Ashore Resorts and Beach Club located at 10100 Coastal Highway, Ocean City, MD on or about June 2022. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

In November 2023 Plaintiff was promoted to a full time position working at the Front Desk of Ashore hotel where she worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

On March 17, 2024 Plaintiff fractured her left hip, leg and ankle in an automobile crash which required numerous surgeries.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph 3 and therefore denies them.

**COMPLAINT ¶4:**

As a result of the crash Plaintiff sustained a permanent disability requiring her to use a cane or walker.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph 4 and therefore denies them.

**COMPLAINT ¶5:**

Plaintiff's walking handicap is a disability within the meaning of Maryland State Gov't Article, §20-601(b) (SG).

**ANSWER:**

The allegations contained in Paragraph 5 constitute legal conclusions or mixed conclusions of fact and law to which no response is required. To the extent this Paragraph asserts any factual allegations to which a response is required, Defendant denies them.

**COMPLAINT ¶6:**

Plaintiff's disabilities limited one or more of Plaintiff's major life activities, within the meaning of COMAR § 14.03.02.02(B)(6)(b), such as, but not limited to walking and bending.

**ANSWER:**

The allegations contained in Paragraph 6 constitute legal conclusions or mixed conclusions of fact and law to which no response is required. To the extent this Paragraph asserts any factual allegations to which a response is required, Defendant denies them.

**COMPLAINT ¶7:**

Plaintiff returned to work at Ashore on July 19, 2024. After Plaintiff returned she was placed in the reservations desk located in a back office away from the front desk, and her hours were reduced.

**ANSWER:**

Defendant admits that Plaintiff returned from a leave of absence in July 2024 and returned to her Reservation Agent position. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Plaintiff requested to go back to work at the Front Desk, to work full time with increased hours, but was advised by her Supervisor, Angela White, that Kane Kennedy, the General Manager, did not want Plaintiff to work the Front Desk with the walker. Plaintiff told Ms. White that the walker folded and she could use a cane to work at the Front desk.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Nevertheless, Plaintiff was not allowed to work the Front Desk with increased hours.

**ANSWER:**

Defendant denies the allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

On July 19, 2024 Plaintiff became aware that after she returned, Defendant hired another employee to work at the Front Desk station.

**ANSWER:**

Defendant denies the allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

After Plaintiff returned, Kane Kennedy, the General Manager and Gary Van Fleet, the Reservations Manager, made fun of the Plaintiff and her walker, laughing and stating “Here comes Momma” in front of other employees. Kane Kennedy, the General Manager, would make inappropriate mocking comments such as calling the reservations desk the “Nursing Home”, and the “Asylum,” on account of Plaintiff’s walker and disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

In retaliation for Plaintiff requesting more hours at the Front Desk, Plaintiff was terminated on November 20, 2024.

**ANSWER:**

Defendant denies the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

As a result of the intentional discrimination, the failure to accommodate her disability, and retaliation, Plaintiff was caused to lose wages, incur other expenses, and suffer severe emotional distress including, but not limited to depression, anxiety, frustration, and humiliation.

**ANSWER:**

Defendant denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

On December 12, 2024 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph 14 and therefore denies them.

**COMPLAINT ¶15:**

On June 16, 2025 the EEOC granted Plaintiff the right to bring suit against the Defendant.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph 15 and therefore denies them.

**COMPLAINT ¶16:**

More than 180 days have elapsed since the filing of the Charge of Discrimination.

**ANSWER:**

Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations in Paragraph 16 and therefore denies them.

**COUNT ONE**
**Disability Discrimination**
**Maryland State Government Article § 20-606, *et seq.***

**COMPLAINT ¶17:**

The foregoing paragraphs are incorporated herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs 1 through 16 as though set forth in full, in response to Paragraph 17.

**COMPLAINT ¶18:**

Refusing to place the Plaintiff in a full time Front Desk position because of her disability and terminating the Plaintiff constitutes intentional discrimination by the Defendant on the basis of Plaintiff's disability, in violation of Maryland State Gov't ("SG") 20-606, et seq.

**ANSWER:**

Defendant denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

As a result of Defendant's unlawful actions, the Plaintiff was damaged, as aforesaid.

**ANSWER:**

Defendant denies the allegations in Paragraph 19 of the Complaint.

**Wherefore**, Plaintiff demands judgment against Defendant for an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and further relief as may be appropriate under the circumstances.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's requests for relief to which no answer is required; to the extent one is required, Defendant denies them.

**COUNT TWO**
**Failure to Accommodate Plaintiff's Disability**
**Maryland State Government Article § 20-606, *et seq.***

**COMPLAINT ¶20:**

The foregoing paragraphs are incorporated herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs 1 through 19 as though set forth in full, in response to Paragraph 20.

**COMPLAINT ¶21:**

Defendant failed to engage Plaintiff in an interactive process, as required by law, to arrive at a reasonable accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Defendant's failure to provide Plaintiff a reasonable accommodation for her disability constitutes a violation of SG § 20-606, *et seq.*

**ANSWER:**

Defendant denies the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

As a result of Defendant's unlawful actions, the Plaintiff was damaged, as aforesaid.

**ANSWER:**

Defendant denies the allegations in Paragraph 23 of the Complaint.

**Wherefore**, Plaintiff demands judgment against Defendant for an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other

monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and fu then relief as maybe appropriate under the circumstances.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's requests for relief to which no answer is required; to the extent one is required, Defendant denies them.

**COUNT THREE**
**Retaliation**
**Maryland State Government Article § 20-606(f)**

**COMPLAINT ¶24:**

The foregoing paragraphs are incorporated herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs 1 through 23 as though set forth in full, in response to Paragraph 24.

**COMPLAINT ¶25:**

Terminating the Plaintiff because she sought an accommodation for her disability constitutes retaliation in violation of SG 20-606(f).

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

As a result of Defendant's unlawful retaliation, the Plaintiff was damaged, as aforesaid.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 of the Complaint.

Wherefore, Plaintiff demands judgment against Defendant For an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and further relief as may be appropriate under the circumstances.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's requests for relief to which no answer is required; to the extent one is required, Defendant denies them.

**COUNT FOUR**
**Violation of Maryland Labor and Employment Article (LE) § 3-304.1**

**COMPLAINT ¶27:**

The foregoing paragraphs are incorporated herein.

**ANSWER:**

Defendant asserts its answers to Paragraphs 1 through 26 as though set forth in full, in response to Paragraph 27.

**COMPLAINT ¶28:**

Terminating the Plaintiff because she objected to the reduced hours and wages, and requesting additional hours and wages by working at the Front Desk constitutes a violation of Maryland Labor and Employment Article § 3-304.1(a)(3)(i).

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant, knew, or should have known, that terminating the Plaintiff on account of his inquiry about the reduction of her wages caused by the reduction in hours was a violation of LE § 3-304.1(a)(3)(i).

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

As a result of Defendant's wrongful conduct the Plaintiff was damaged by the loss of wages, caused to incur monetary damages and to suffer humiliation, embarrassment, and emotional distress.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of the Complaint.

**Wherefore**, Plaintiff demands judgment against Defendant For an amount in excess of $ 75,000, for compensatory damages, back pay and benefits, front pay and benefits, other monetary damages, non-economic damages such as emotional distress, and punitive damages, prejudgment interest, reasonable attorney fees, litigation expenses, the costs of this action, and for such other and further relief as may be appropriate under the circumstances.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's requests for relief to which no answer is required; to the extent one is required, Defendant denies them.

## DEMAND FOR JURY TRIAL

Renata Young, Plaintiff, demands a jury trial on all issues.

**ANSWER:**

The allegations in this Paragraph are Plaintiff's jury demand to which no answer is required; to the extent one is required, Defendant denies them.

## AFFIRMATIVE DEFENSES

By pleading the following as affirmative defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserve its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages. Defendant also specifically reserves the right to amend their Answer with additional affirmative defenses and/or counterclaims as additional investigation, discovery, and circumstances may warrant.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, based on his failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovery on all or a portion of her claims.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrines of release, waiver, estoppel and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Any claims for punitive damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her protected rights and are not wanton or willful as to support an award of punitive damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred because Defendant has engaged in good faith efforts to comply with federal, state and local laws.

**EIGHTH AFFIRMATIVE DEFENSE**

While Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute a violation of any federal or state laws, and any such violation occurred outside the scope of employment or agency and without its consent. Defendant did not authorize, condone, ratify or tolerate any tortious acts, but instead prohibited it, and such conduct

may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

**NINTH AFFIRMATIVE DEFENSE**

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's actions regarding Plaintiff were based on a legitimate, non-discriminatory and non-retaliatory business reasons.

DATED: November 24, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Eric J. Janson*

Eric J. Janson Bar No. 16928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
ejanson@seyfarth.com

Attorneys for Defendant
MERRITT HOSPITALITY, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RENATA YOUNG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-03440 |
| | ) | |
| MERRITT HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true copy of the foregoing Answer to Plaintiff's Complaint was served via ECF 24th day of November 2025 on:

John B. Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212

/s/ *Eric J. Janson*
Counsel for Defendant